DECISION
Plaintiff appeals Defendant's denial of claimed dependents for tax years 2006, 2007, and 2008. A trial was held in the Oregon Tax Courtroom, Salem, Oregon on February 7, 2011. Plaintiff's wife, Lesly Espejo Contreras (Contreras) appeared and testified on behalf of Plaintiff. Kevin Cole (Cole), Tax Auditor, appeared and testified on behalf of Defendant.
Plaintiff's unmarked exhibits and Defendant's Exhibits A through D were admitted without objection.
 I. STATEMENT OF FACTS
Contreras testified that, for tax years 2006, 2007, and 2008, her husband supported three nephews and one niece who lived in Mexico. She submitted a document titled "This is from when I sent money to Mexico" as evidence of money transferred by Plaintiff to support his nephews and niece. Contreras testified that the amounts listed on the document are in U.S. dollars. The total amount was $4,330 for tax year 2006; $530 for tax year 2007; and $9,385 for tax year 2008. Contreras testified that, for tax year 2007, the company "used to transfer" some of the money is no longer in business and she was unable to get a document to show the amount of money transferred in that year. Cole questioned the substantial amount of money transferred for tax year 2008. He testified that Plaintiff and his brother have the same name *Page 2 
except for the "middle initial" and one page of Plaintiff's listing of money transfers does not include Plaintiff's middle initial or name. In response, Contreras testified that all the money transferred for tax year 2008 was sent by her husband, not her brother-in-law. She testified that she has four children of her own and the amount of money that can be "sent to Mexico" varies each year because the needs of her children must be met before money can be sent to support her husband's nephews and niece.
Contreras testified that those individuals, three nephews and one niece, whom Plaintiff claimed as dependents live with their parents and grandparents. She testified that their grandfather contributes to their support as do their parents, who operate an orchard and sell the produce grown in the orchard. Contreras testified that she does not know how much money is contributed by the grandfather and parents to support the children.
Contreras testified, in Mexico, there is no rent expense because they own the land. She testified that they pay for the "water, lights, cable, food, school clothes and supplies." Contreras testified that she was unable to get any receipts for the living expenses because no one gives receipts in Mexico. She testified that "they pay cash for their food and other living expenses."
 II. ANALYSIS
As this court has previously noted, "[t]he Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law. ORS 316.007." Ellison v. Dept. of Rev., TC-MD No 041142D, WL 2414746 at *6 (Sept 23, 2005). As a result, the legislature adopted, by reference, the federal definition for dependents, including those allowed under section 152 of the IRC. ORS 316.007.[1] IRC section 152(a) generally defines *Page 3 
dependent to mean a "qualifying child, or [] a qualifying relative."[2] "The term `dependent' does not include an individual who is not a citizen or national of the United States unless such individual is a resident of the United States or a country contiguous to the United States." IRC § 152(b)(3). To claim a qualifying child or a qualifying relative as a dependent, the taxpayer must provide more than one-half of the individual's support for the calendar year.[3] IRC § 152(d)(1)(C).
The issue before the court is whether Plaintiff provided more than one-half of the support for each calendar years at issue for his nephews and a niece, who each live in Mexico, a country contiguous to the United States,. To answer that question, the total cost of providing support for each individual for each year must be determined. Plaintiff did not testify nor submit evidence as to the total cost of providing support for the claimed dependents. For living expenses, such as food, clothing, medical, education, transportation, and other similar living expenses, Plaintiff did not provide any evidence.
Plaintiff requests that the court conclude that the total amount of money transferred to his nephews and niece are adequate evidence that he provided more than one-half of the support for the claimed dependents. Contreras testified that there are additional sources of income available to support Plaintiff's nephews and niece. The amount of that available income was not provided. Unfortunately, the court is unable to verify that the money transferred was adequate to meet the support requirement. Without knowing the amount of other income spent to cover Plaintiff's nephews' and niece's living expenses, the court cannot conclude that Plaintiff provided more than one-half of the support of all living expenses. *Page 4 
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971)). Plaintiff submitted no evidence of the total amount of support provided for the claimed dependents. The court cannot conclude that the money transferred was more than one-half of the support for each of the claimed dependents in each of the tax years at issue.
 III. CONCLUSION
After careful review of the testimony and evidence, the court concludes that Plaintiff failed to carry his burden of proof. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on March 17, 2011. The Court filed and entered this documenton March 17, 2011.
[1] References to the Oregon Revised Statutes (ORS) are to 2007.
[2] All references to the IRC and accompanying regulations are to the 1986 code, and include updates applicable to 2005, 2006, and 2007.
[3] The parties do not dispute that Plaintiff's nephews and niece meet the statutory definition of qualifying child or qualifying relative. *Page 1